UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
────────────────────────────────────

ROBERTO DEJESUS,

                Plaintiff,          12 Civ. 4678 (JGK)

       - against -           <u>MEMORANDUM OPINION</u>
                                  <u>AND ORDER</u>
C.O. LARON REESE,

                Defendant.

────────────────────────────────────

JOHN G. KOELTL, District Judge:

    The Court previously directed the defendant to file an answer to the plaintiff's Complaint by December 5, 2012. (Endorsed Letter, Nov. 7, 2012, ECF No. 14.)  The Answer was filed on December 7, 2012.  (Answer, ECF No. 16.)  On December 20, 2012, the plaintiff sent the attached letter to the Court requesting the entry of default judgment against the defendant because of the defendant's failure to file a timely answer to the Complaint.  The application is **denied.**

    The plaintiff failed to obtain an entry of default against the defendant which is a prerequisite to obtaining a default judgment.  <u>See</u> <u>City of New York v. Mickalis Pawn Shop, LLC</u>, 645 F.3d 114, 128 (2d Cir. 2011).  In any event, the defendant has now answered the Complaint, although two days late, and that indicates that the motion for a default judgment should be denied on the merits.  Denying the entry of a default judgment based on a two day delay would not prejudice the plaintiff at

this early stage of the litigation.  Furthermore, the Answer presents several potentially meritorious defenses, among them failure to state a claim on which relief may be granted and qualified immunity.  (Answer ¶¶ 11, 14.)  In addition, a default judgment would be contrary to the preference for dispositions on the merits rather than on the basis of procedural errors.  John v. Sotheby's, Inc., 141 F.R.D. 29, 35 (S.D.N.Y. 1992) ("Defaults are disfavored and disputes connected with a motion to vacate a default are resolved in favor of the movant so as to encourage a decision on the merits.").  Therefore, the plaintiff's application for the entry of a default judgment is **denied**.

On a separate issue, the Court granted the plaintiff's application to proceed in forma pauperis on August 20, 2012, however, the motion was not closed on the docket sheet. Therefore, the **Clerk is directed to close docket no. 1.**

SO ORDERED.

Dated:     New York, New York
           January 9, 2013

                                          John G. Koeltl
                                     United States District Judge

2

Robert DeJesus 12-A-0084
Downstate Correctional Facility
Box-F Red Schoolhouse Road
Fishkill, New York 12524-0445



December 20th, 2012

#19

Ms. Ruby J. Krajick
Clerk of the Court
United States District Court
Southern District of New York
500 Pearl Street, Room #230
New York, New York 10007

RE: Roberto DeJesus vs. C.O. Laron Reese #17189 12 Civ. 4678 (JGK)

Dear Ms. Krajick:

Please be advised that I am the plaintiff on the above-referenced matter. On November 5th, 2012 Mr. Patrick Beath, the Assistant Corporation Counsel of the office of Michael A. Cardozo, Corporation Counsel of the City of New York, and the attorney assigned to the above-referenced matter respectfully requested that the court grant the defendant Correction Officer Laron Reese a (30) thirty day enlargement of time to answer or otherwise respond to the complaint in this matter, from November 5th, 2012 until December 5th, 2012 so that the defendant Laron Reese won't be prejudice as the Assistant Corporation Counsel makes the necessary representational decision under New York Gen. Mun. L. § 50-k.

On November 7th, 2012 the Honorable Judge John G. Koeltl granted the defendant application for an enlargement of time until December 5th, 2012, to answer or otherwise respond to the plaintiff complaint.

Accordingly, the defendant did not respond to the plaintiff complaint within the time given by the Honorable Judge John G. Koeltl to answer.

The plaintiff Roberto DeJesus respectfully request that a "Default Judgement" be entered, for the failure of the defendant not answering within the time given.

Thank you for your time in this important matter and I hope to hear from you soon.

Respectfully Submitted,

Roberto DeJesus 12-A-0084

CC: Mr. Patrick Beath
    Assistant Corporation Counsel
    the City of New York
    Law Department
    100 Church St. New York, N.Y. 10007

'USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _ _ _ _
DATE FILED _ _ _11-7-12_





CHAMBERS OF
JOHN G. KOELTL
U.S.D.J.

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NEW YORK 10007

PATRICK BEATH
Assistant Corporation Counsel
pbeath@law.nyc.gov
Phone: (212) 788-0589
Fax: (212) 788-9776

November 5, 2012

**BY HAND DELIVERY**
Honorable John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**APPLICATION GRANTED**
**SO ORDERED**

John G. Koeltl, U.S.D.J.

11/7/12.

Re:   Roberto DeJesus v. C.O. Laron Reese, shield 17189
      12 Civ. 4678 (JGK)

Your Honor:

I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, and the attorney assigned to the above-referenced matter. This office writes to respectfully request that the Court, *sua sponte*, grant defendant Correction Officer Laron Reese a thirty (30) day enlargement of time to answer or otherwise respond to the complaint in this matter, from November 5, 2012 until December 5, 2012, so as not to prejudice defendant Reese as this office makes the necessary representational decision under New York Gen. Mun. L. § 50-k. Because plaintiff is currently incarcerated and, therefore, cannot be expeditiously contacted, this request is submitted without his consent.

By way of background, plaintiff alleges that, on February 16, 2011, while he was an inmate in the custody of the New York City Department of Correction ("DOC"), defendant Reese used excessive force against him. Plaintiff filed the complaint in this matter on June 13, 2012, and was allowed to proceed *in forma pauperis* on August 20, 2012. On September 6, 2012, the DOC waived service of process on defendant Reese's behalf, making his answer due on November 5, 2012. However, an enlargement of time to respond on behalf of defendant Reese is needed while this office attempts to resolve the necessary representational issues with him in accordance with our obligation under G.M.L. §50-k. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

        Accordingly, this office respectfully requests that Your Honor *sua sponte* grant defendant Reese an enlargement of time until December 5, 2012, to answer or otherwise respond to the complaint, so that his defenses are not jeopardized while representational issues are being decided.

        This office thanks the Court for its time and consideration of this request.

Respectfully submitted,

Patrick Beath
Assistant Corporation Counsel

cc:    Roberto Dejesus
       12-A-0084
       Downstate Correctional Facility
       Box F Red Schoolhouse Road
       Fishkill, NY 12524-0445

2

**UNITED STATES DISTRICT COURT**
CHAMBERS OF
**JUDGE JOHN G. KOELTL**
UNITED STATES COURTHOUSE
500 PEARL STREET
**NEW YORK, NY 10007-1312**

OFFICIAL BUSINESS

UF-6-6

neopost
11/08/2012
**US POSTAGE** $00.45º

ZIP 10007
041L11231776

Roberto DeJesus
12-A-0084
Downstate Correctional Facility
Box F Red Schoolhouse Road
Fishkill, NY 12524-0445